**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THE YPSILANTI COMMUNITY
UTILITIES AUTHORITY, ET AL.

            Plaintiffs,                        CASE NO. 07-CV-15280

-vs-

                                                     PAUL D. BORMAN
MEADWESTVACO AIR                    UNITED STATES DISTRICT JUDGE
SYSTEMS, LLC, ET AL.

            Defendants.
_____/

**OPINION AND ORDER: (1) GRANTING DEFENDANTS' MOTION TO AMEND/CORRECT NOTICE OF REMOVAL; 2) DENYING PLAINTIFFS' MOTION TO REMAND; AND (3) JUNE 10, 2008 HEARING WILL DEAL ONLY WITH DEFENDANT'S MOTION TO DISMISS**

The matter before the Court is Plaintiffs Ypsilanti Community Utilities Authority and The Christman Company's ("Plaintiffs") January 10, 2008 Motion to Remand. (Dkt. No. 2). Also before the Court is Defendants Bioclimatic Air Systems, LLC and MeadWestvaco Corporation's ("Defendants") February 8, 2008 Motion to Amend/Correct Notice of Removal.[1] (Dkt. No. 8). In light of the briefing the Court discerns no reason for oral argument as to these two motions. *See* E.D. Mich. L.R. 7.1(e)(2).

For the following reasons, the Court GRANTS Defendants' Motion to Amend/Correct Notice of Removal and DENIES Plaintiffs' Motion to Remand.

**I.    PROCEDURAL HISTORY**

Plaintiff The Christman Company ("TCC") filed its original Complaint against Defendant

---

[1] Defendant MeadWestvaco Corporation's January 11, 2008 Motion to Dismiss the Second Amended Complaint (Dkt. No. 4) is scheduled for a hearing on June 10, 2008.

Bioclimatic Air Systems, LLC ("Bioclimatic") in Washtenaw County Circuit Court on September 14, 2007.[2]

On November 5, 2007, TCC filed a First Amended Complaint in this action with the same caption.

On November 13, 2007, TCC filed a Second Amended Complaint whose caption stated: "Ypsilanti Community, a Michigan municipal corporation and The Christman Company, a Michigan corporation v. MeadWestvaco Air Systems LLC, a Delaware limited liability corporation, Bioclimatic Air Systems, LLC, a New Jersey or Delaware limited liability company, and MeadWestvaco Corporation, a Delaware corporation. (Def. Rem., Ex. 1, 2d Am. Compl. at 1).

On December 11, 2007, Defendant MeadWestvaco Corporation ("MWC") filed a Notice of Removal to this Court based on diversity jurisdiction. In its Notice of Removal, Defendants included a "Certificate of Formation," evidencing the fact that Defendant MeadWestvaco Air Systems, LLC and Bioclimatic are one in the same company, as the name has been changed through a "Certificate of Amendment". (Def. Rem., Ex. 2, Certificates).

MWC noted in its filing that its Notice of Removal was timely stating:

> This Notice of Removal is filed within thirty (30) days of Defendant MeadWestvaco's receipt of the initial pleading by service or otherwise, setting forth the claim for relief upon which this action is based and upon which it could first be ascertained that this case was removable, and is therefore timely-filed pursuant to 28 U.S.C. 1446.

(*Id*. at ¶ 15).

On January 10, 2008, Plaintiffs filed the present Motion to Remand. On January 11, 2008,

---

[2] Defendants have evidenced that "Bioclimatic" is the new name of the previously named limited liability company, MeadWestvaco Air Systems, LLC. For clarity, the Court shall refer to the Defendant limited liability company with its current name.

2

MWC filed a Motion to Dismiss the Second Amended Complaint. And finally, on February 8, 2008, Defendants filed a Motion to Amend/Correct Notice of Removal.

## II. ANALYSIS

### A. Legal Standards

Removal of state court cases to federal court is governed by 28 U.S.C. § 1441(a). Section 1441(a) sets forth:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal district courts enjoy original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different states." 28 U.S.C. § 1332(a). A defendant who seeks to remove an action has the burden of showing that the requirements for diversity jurisdiction are met. *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871 (6th Cir. 2000). "This circuit has recognized a rule that the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Id*.

To further significant interests of comity and federalism, a federal court must strictly construe §1446(b), and resolve any ambiguity concerning the scope of removal under § 1446(b) in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 534 (6th Cir. 1999).

### B. Motion to Remand

Plaintiffs contend this action should be remanded to state court for two reasons: (1) Notice of Removal is facially for the reason that it fails to state the citizenship of Bioclimatic and it fails

to affirmatively allege that none of the defendants properly joined and served is a Michigan citizen; and (2) the Notice of Removal is substantively defective because it is untimely under 28 U.S.C. § 1446(b), as it was filed more than 30 days after service of the original civil action on Bioclimatic Air Systems.[3]

                1.        Facial Defectiveness and Motion to Amend

Plaintiffs allege Defendants' Notice of Removal is facially defective in the following ways: (1) it omits TCC from the caption; (2) citizenship of Bioclimatic is insufficiently alleged because only it only sets forth the state of organization and location of its principal place of business; and (3) it does not "affirmatively allege that none of the defendants properly joined and served in the case is a citizen of Michigan." (Plf. Mot. at 7).

Defendants filed a Motion to Amend/Correct Notice of Removal on February 10, 2008, in response to Plaintiffs' allegations of defectiveness. In its Motion to Amend/Correct, Defendants: (1) add TCC to the caption; (2) allege that "As of the date of filing this Notice of Removal, and on information and belief, the sole member of Defendant Bioclimatic Air Systems, LLC is Bioclimatic, Inc., a New Jersey corporation with its principal place of business located in Moorestown, New Jersey" (Am. Not. ¶ 6); and 'affirmatively' state that no Defendant is a citizen of Michigan (*id.* ¶ 7).

Parties are entitled to amend pleadings to show jurisdiction. 28 U.S.C. § 1653, states: "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See Miller v. Davis*, 507 F.3d 308, 311 (6th Cir. 1974) (stating "amendment to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting § 1653 – to avoid dismissals on technical grounds.") (internal quotation and citation omitted) (emphasis added).

---

[3]     It is undisputed that the amount in controversy exceeds $ 75,000.

Plaintiffs argue that Defendants' Motion to Amend/Correct should be denied because the "facial" defects persist in the proposed Amended Notice of Removal. Plaintiffs contend that Defendants have failed to "sufficiently disclose the membership, and the citizenship, of Bioclimatic 'according to the facts as they exist[ed] at the time an action [wa]s initiated.'" (Plf. Resp. at 5). Stated another way, Defendants failed to allege Bioclimatic's citizenship as of September 14, 2007 (the date of the original action) and MWC's citizenship as of November 13, 2008 (the date the Second Amended Complaint added MWC), rather, Defendants only alleged citizenship as of the date of the Notice of Removal. Plaintiffs also assert that because Defendants use the language "on information and belief" in their allegations of citizenship as to Bioclimatic, the allegation is insufficient.

The Court notes that Plaintiffs do not allege that there is a lack of complete diversity. To the extent Plaintiffs attempt to create an issue surrounding the sufficiency of Defendants' asserted citizenship of Bioclimatic, the Court will allow Defendants to amend its Notice of Removal to include the citizenship of Bioclimatic at both the time the action was originally filed and the time the action was removed.[4] *See Jerome-Duncan, Inc. v. Auto-By-Tel*, LLC, 176 F.3d 904, 907 (6th 1999) (noting that removal to a federal court requires diversity at the time that action is filed and also the time of removal). Further, Plaintiffs insinuate that Defendants are hiding the ball as to the actual citizenship of Bioclimatic. The Court finds that Defendants' briefs adequately explain the use of the language "upon information and belief":

---

[4] The Court recognizes that although it is required that complete diversity of citizenship at both the time the action is commenced and also the time of the notice of removal, Plaintiffs have not set forth any authority for the contention that a notice of removal is fatally defective for failing to affirmatively set forth citizenship as to these two moments in time, nor any authority that it is an affirmative pleading requirement.

> Meadwestvaco Corporation was previously a member of this LLC but subsequently withdrew, at which point the LLC filed a Delaware "Certificate of Amendment" that sets forth the LLC's change of name from MeadWestvaco Air Systems, LLC to Bioclimatic Air Systems, LLC. Because MeadWestvaco is no longer a member of the LLC, and further because the operating agreement for an LLC is not publicly-filed, MeadWestvaco's Amended Notice of Removal posited the citizenship of the only known member of the LLC, Bioclimatic, Inc. . . . . . the undersigned counsel for MeadWestvaco confirmed this information with counsel for the LLC, Defendant Bioclimatic Air Systems, LLC.

(Def. Reply at 1-2).

Therefore, in the spirit of § 1653, which allows amendments to avoid dismissals based on technicalities, and in the absence of any case law which would demonstrate such "facial defects" are fatal, the Court grants Defendants' Motion to Amend/Correct Notice of Removal such that all jurisdictional "deficiencies" are corrected. Also Defendants should submit its Amended Notice of Removal with the entire Second Amended Complaint, including Exhibits A through D.

    2.    Untimeliness

Plaintiffs argue that Defendants' Notice of Removal (and Amended Notice of Removal) are both "substantively" defective for untimeliness under § 1446(b). Plaintiffs argue the 30 day time limit for removal had expired as to the sole defendant named in the original complaint, Bioclimatic, and therefore, a later added defendant, MWC, was untimely in removing the case to federal court.

Defendants assert the removal was proper under Sixth Circuit case law and in accordance with § 1446(b).[5]

---

[5] Section 1446(b) states in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

The Sixth Circuit addressed this matter in *Brierly*, where in the Court spoke to the question of: "whether, in cases with multiple defendants served at different times, the last-served defendant is allowed a full 30 days after being served to remove, or instead, only has 30 days from [the] time the first defendant is served." *Brierly*, 184 F.3d at 532.

In *Brierly*, a tort action was filed in state court against two defendants, Alusuisse and David Ellison, and subsequently removed within 30 days of service. *Id*. at 530. However, the district court remanded the action to state court on plaintiff's motion because Alusuisse had failed to introduce evidence showing complete diversity of Ellison. *Id*. Alusuisse filed a motion to reconsider and also filed a second notice of removal. *Id*. Both of these motions were denied. *Id*. Ellison had not consented to either of the removals or the motion to reconsider for the reason that he had not been served at the time the motions were filed. *Id*. Eventually, Ellison was served and within 30 days of his service, he filed a notice of removal based on diversity and with Alusuisse's consent. *Id*. at 531.

After finding that the district court's first order of remand did not divest it of jurisdiction to review "an original petition by a party with standing to remove after and initial remand because of his delayed service," the Sixth Circuit examined whether the 30 day time limit had run as to Ellison's notice of removal. *Id*. at 532. In examining the 30 day time limit provided for under § 1446(b), the Sixth Circuit held:

> If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided. For that reason, and as a matter of fairness to later-served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of remaining defendants.

*Id*. at 533; *Bradfield v. The City of Memphis*, 24 Fed. Appx. 307, 309 (6th Cir. 2001) (unpublished)

(same). The Sixth Circuit also found:

> a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove. Given the rule of unanimity, holding otherwise would vitiate the removal application fo the later-served defendants and thereby nullify our holding that later-served defendants are entitled to 30 days to remove the case to district court.

*Id*. at 533 n.3.

Plaintiffs attempt to differentiate the instant case from the holding in *Brierly* by arguing that there is a distinction (recognized by the Sixth Circuit) between "removable actions naming only one defendant, like this case, and those naming multiple defendants at inception. . . ." (Plf. Resp. at 8).

The Court finds that Plaintiffs argument is a hollow attempt to create a factual differentiation where none exists. In *Bashford v. Crown Fin. Group*, No. 05-2217, 2005 U.S. Dist. LEXIS 15811 (S.D.N.Y 2005), the Sixth Circuit's position on this issue is accurately summarized:

> The Sixth and Eight Circuits have adopted a "removing defendant" rule, under which each "defendant has 30 days from the date of service [of the complaint upon that defendant] to remove the case to federal district court." Under the removing defendant rule, as announced by the Sixth and Eighth Circuits, a defendant who was served earlier than the removing defendant may consent to a later-served defendant's notice of removal, even though the earlier-served defendant's own thirty-day period in which to file a notice of removal might have expired.

*Id*. at *9-10 (internal citations omitted). Plaintiffs contend that the Sixth Circuit's holding in *Brierly* is only applicable in those situations where there are multiple defendants at the inception of the action, and one or more of the multiple defendants is served at a later date. Plaintiffs assert this is different from the present situation where there was only one defendant named in the original complaint, and a second defendant was added later.

Plaintiffs' argument completely misses the heart of the Sixth Circuit holding and is

8

inapposite to persuasive, albeit not binding, Sixth Circuit case law.[6] *See Campbell v. Brown*, 210 F.3d 440 (6th Cir. Dec. 17, 1999) (unpublished table opinion) (applying *Briefly* and holding removal was proper after later-added *and* later-served defendant filed his timely petition). Defendant MeadWestvaco was served on November 13, 2007 and properly removed the action with 30 days of service and with Bioclimatic's consent. This is completely proper under *Brierly*. If this Court were to adopt Plaintiffs' reasoning and superimpose a requirement that the holding only applies to original multiple defendant actions, besides being improper, it would also create the exact unfairness that the Sixth Circuit sought to avoid in *Brierly* – a defendant being denied the opportunity to remove an action because it was added at a later time in proceedings.

Finally, Plaintiffs contend that Bioclimatic "waived" its right to consent to a removal because it did not remove the original action or the first amended complaint and further answered the complaint in state court. This argument is also without merit. The Sixth Circuit held in *Brierly* that a first-served defendant could join in a later-served defendant's removal petition where the first-served defendant had failed in their removal petition. *Brierly*, 184 F.3d at 533 n.3. In so holding, the Sixth Circuit relied on a factually similar case, *Freeman v. Bechtel*, 936 F. Supp. 320, 325-27 (M.D.N.C. 1996), where the court held "first-served defendants could consent to later-served defendant's removal despite having already waived their right to removal." *Brierly*, 184 F.3d at 533 n.3. In the instant case, the analysis is the same; Bioclimatic could not have been successful in a

---

[6] It is also worth noting that Plaintiffs' have failed to set forth any pertinent case law, post-*Brierly*, which supports their argument or attempt at factual differentiation. To the extent Plaintiffs rely upon *Iulianelli v. Lionel*, 183 F. Supp. 2d 962 (E.D. Mich. 2002) (J. Rosen), such reliance is misplaced. In *Iulianelli*, the district court constrained its holding to the facts, stating that there was a "distinct set of circumstances" which indicated the "later-served defendant" rule was not controlling, namely that "any concerns of possible unfairness simply do not arise here." *Id*. at 965.

petition of removal after the time had expired and it had waived its rights by participating in state court, however, under *Brierly*, it could properly join in a later-served defendant's timely removal petition so long consent was given. To do otherwise would "nullify" the ability of a later-served defendant to remove a case.

## III. CONCLUSION

For these reasons, the Court:

(1) **DENIES** Plaintiff's Motion to Remand (Dkt. No. 2)

(2) **GRANTS** Defendants' Motion to Amend/Correct Notice of Removal (Dkt. No. 8); and

(3) will hear argument on Defendant's Motion to Dismiss (Dkt. No. 4), as scheduled on June 10, 2008.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 9, 2008.

s/Denise Goodine
Case Manager