**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YPSILANTI COMMUNITY
UTILITIES AUTHORITY,
and CHRISTMAN CO.,

       Plaintiffs,            CIVIL ACTION NO. 07-CV-15280

   vs.                            DISTRICT JUDGE PAUL D. BORMAN

MEADWESTVACO AIR        MAGISTRATE JUDGE MONA K. MAJZOUB
SYSTEMS LLC, et al.,

       **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'**
**MOTION TO COMPEL DISCOVERY (DOCKET NO. 56)**

This matter comes before the Court on Plaintiffs' Motion To Compel Discovery filed on August 28, 2009.  (Docket no. 56).  Defendant MeadWestavaco Corporation filed a Response To Plaintiffs' Motion To Compel Discovery on September 11, 2009.  (Docket no. 62).  Plaintiffs filed a Reply To Defendant MeadWestvaco Corporation's Response In Opposition To Plaintiffs' Motion To Compel Discovery on September 18, 2009.  (Docket no. 65).  The parties filed a Joint Statement Of Resolved And Unresolved Issues on October 7, 2009.  (Docket no. 83).  This motion has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 59).  The Court heard oral argument on this matter on October 15, 2009.  The motion is now ready for ruling.

According to the parties' Joint Statement, the remaining unresolved issues relate to Defendant MeadWestvaco Corporation's ("Defendant") production of documents from the Amy Hiltzik file, the subject of Plaintiffs' Request For Production No. 7 served on May 22, 2009.

(Docket no. 56). On June 30, 2009 Defendant produced Amy Hiltzik's file and a corresponding privilege log. After counsel for the parties conferred, Defendant's counsel served a supplemental privilege log with corresponding table on August 4, 2009. (Docket no. 56, 56-4). Plaintiffs describe the Hiltzik documents as consisting of three boxes of documents for a total of 7,069 pages, including numerous blank (or redacted) pages and an accompanying privilege log. (Docket no. 65 at 2 of 7). Plaintiff argues that the privilege log is inadequate and documents referred to as the "unaccounted for documents" are not identified on the privilege log. Plaintiffs have shown that the Hiltzik documents are relevant[1]. Fed. R. Civ. P. 26(b)(1).

### 1) The "Unaccounted for Documents."

The documents which the parties refer to as the "unaccounted for documents," are documents which Defendant produced, yet the text of each document is redacted and they are not listed on the privilege log. Several examples of these documents were attached to Plaintiffs' Motion at Exhibit 3. (Docket no. 56-5). Plaintiff argues that Defendant withheld the documents without asserting a privilege, the production of the "unaccounted for documents" was careless at best, and Defendant has waived any privilege or other right to withhold. (Docket no. 65 at 5 of 7). Plaintiffs point out that these documents were produced twice. First they were produced in a whited-out format that appears as bates numbered blank pages. At Plaintiffs' request, Defendant reformatted the pages to a blacked-out, redacted format and produced the documents a second time. The documents were not included on a privilege log with either production.

---

[1] Plaintiffs allege that at David Ryan's deposition it was revealed that Ms. Hiltzik extensively participated in MeadWestvaco's decision to withdraw and its eventual withdrawal from MeadWestvaco Air Systems, LLC. Plaintiffs argue that these documents are relevant to core legal issues in this case including piercing MeadWestvaco's corporate veil and fraudulent inducement. (Docket no. 56 at 17 or 19).

Defendant argues that the "unaccounted for documents" were mistakenly, inadvertently produced attorney-client documents and demanded their return. Defendant alleges that these are internal Dickinson Wright emails, "all of which were created in the course of responding to Plaintiffs' requests to produce. Redacted or otherwise, these should not have been produced and Plaintiffs should have voluntarily returned them." (Docket no. 62 at 5 of 19, 12 of 19). Plaintiffs argue that the Defendant's suggestion that the documents were inadvertently disclosed is illogical because nothing has been disclosed. The Court agrees that the production of the redacted documents did not disclose the substance of the documents. Since Plaintiffs filed their motion, they have returned the "unaccounted for documents" while stating that they are not waiving the issue.

This is a situation of Defendant's creation. The Court finds that Defendant's production of these documents twice is inconsistent with an assertion that the documents are "irrelevant," "non-responsive" *and* "attorney work-product" privileged. (Docket no. 62 at 2 of 19). Defendant's counsel twice made the decision to produce these documents, albeit in redacted form, in response to Plaintiffs' discovery requests, thus raising questions as to the responsiveness and relevance of the documents. The Court also notes that despite Defendant's allegation that the documents were created in the course of responding to Plaintiffs' discovery, at least one of the documents attached to Plaintiffs' Motion is dated August 2, 2004, pre-dating the December 2007 filing of this action. (Docket no. 56-5, bates no. MWV03731). (Docket no. 56-5 at 14). Defendant offers the Court an in camera inspection of the Unaccounted for Documents to confirm the matter. At this point, the Court declines to undertake Defendant's own necessary review of the documents.

In light of the question of the relevance of these documents and the fact that at least one of the documents includes a communication pre-dating the discovery period in this matter, the issue

-3-

is, in substance, an issue of Defendant providing an adequate privilege log describing these documents.

At the hearing Plaintiffs argued that they want a privilege log containing the "unaccounted for documents." Defendant produced a log at the hearing which Defendant claims was produced on October 6, 2009 and which contained the "unaccounted for documents." While it appears that the issue of the "unaccounted for documents" has been resolved at least in form with the return of the documents to Defendant and the recent appearance of the documents on a privilege log, the privilege log is subject to the same arguments and analysis set forth below regarding substance and adequacy as Defendant's Amended Privilege Log, also the subject of this motion. The Court will at this time decline to adopt Plaintiffs' argument that Defendant has waived the privilege as to these "unaccounted for documents." The Court will order Defendant to produce an adequate privilege log as to the unaccounted for documents.

**2)      Adequacy of Defendant's Privilege Log**

Rule 26(b)(5)(A), Fed. R. Civ. P., provides that a party withholding information that is otherwise discoverable "by claiming that the information is privileged or subject to protection as trial preparation material" must:

> (i) [E]xpressly make the claim; and
> (ii) [D]escribe the nature of the documents, communications, or tangible things not produced or disclosed-- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A).

Defendant's privilege log should contain sufficient information for the Court and Plaintiffs to determine whether the documents at issue are properly subject to a privilege or protection. The Court can reject the claim of privilege where the party invoking the privilege "does not provide

sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege." *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).

"In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) (citations omitted). The only privilege asserted by Defendant in the privilege log is the attorney-client privilege. (Docket no. 56-4, 62-8). Defendant has raised attorney work-product protection as to only some of the unaccounted for documents. Despite both parties citing federal law with respect to attorney-client privilege, the parties agreed at the hearing that Michigan law applies in this case. The Court examines the privilege issue under Michigan law.

"Under Michigan law, the attorney-client privilege attaches to confidential communications made by the client to his attorney for the purpose of obtaining legal advice." *Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514, 516 (W.D. Mich. 2002) (*citing McCartney v. Attorney Gen.*, 587 N.W.2d 824, 828 (Mich.App. 1998)(per curiam)). "The privilege also generally protects communications from an attorney to a client, including the attorney's opinions, conclusions, and recommendations based upon the facts furnished by the client." *Wrench LLC*, 212 F.R.D. at 516 (*citing Hubka v. Pennfield Township*, 494 N.W.2d 800, 802 (Mich.App. 1992)(per curiam)).

The burden of establishing privilege and non-waiver rests with the person asserting it. *See In re VisionAmerica, Inc. Sec. Litig.*, 2002 WL 31870559, at *2 (W.D. Tenn. Dec. 18, 2002). "'[E]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *See Clark Constr. Group, Inc. v. City of Memphis*, 2005 WL 6187896, at *3 (W.D.Tenn. Feb. 9, 2005) (citations omitted).

Defendant's amended privilege log contains the following categories: Date as reflected on the document, document type/privilege, author, recipient/bcc, description, and bates number. (Docket no. 56-4). The privilege log is 38 pages. The log produced at the hearing for the unaccounted for documents contains the same information. Defendant also provided a table of "Persons Listed on Privilege Log," which provides full names of individuals, the company for which he or she works and the individual's position or division. (Docket no. 56-4 at 40 of 42).

Under Defendant's "description" column on the privilege log, Defendant has listed a "subject" of each document or set of documents. For example, a subject for documents bates nos. MWV05357-5736 and MWV04812-4813 is "Life Insurance for Joe Lackner." The listed subject for document bates nos. MWV00334-335 is simply, "Signatures." The Document type/privilege for both of these is "Email- ATTORNEY CLIENT PRIVILEGE." The "subjects" as described by Defendant are completely insufficient to determine whether the document is privileged. Defendant's privilege log is in substance nothing more than a list of documents conclusively assigning "attorney client privilege" to each document. Defendant has provided no information from which Plaintiffs or the Court may determine whether the privilege or protection applies[2].

The Court will order Defendant to produce a Second Amended Privilege Log with a sufficiently detailed description of each document from which it may be determined whether the privilege applies to the document at issue. The information for each document must include the

---

[2] Defendant relies *Allen v. Sears, Roebuck, and Co.*, 2009 WL 879385 (E.D. Mich. March 30, 2009) to argue that its privilege log is sufficient. It is unclear from this opinion alone what information was otherwise contained in the privilege description category in that instance. Defendant also argues that Plaintiffs did not disclose information regarding their own allegedly privileged documents. Defendant points to the Court's statement in *Allen* that "although not determinative, the Court agrees with Defendant's contention that Plaintiffs' position on the adequacy of Defendant's privilege log is wholly undercut by the state of Plaintiffs' own privilege log which provides much less information than Defendant's log." *Id*. at *3. Defendant does not have a motion before the Court on the sufficiency of Plaintiffs' production or lack thereof, the issues have not been properly briefed in this instance and the Court will not use Defendant's allegation as a basis for denying Plaintiffs' motion.

express privilege or protection which Defendant claims and include a summary of the contents of the document (the "subject" line of the emails as set forth in Defendant's prior logs is insufficient in this respect), the purpose for which the document was created, the identity of the parties to the communication and who created the document, including by title and employer. For claims of attorney-work product, Defendant must also summarize whether the document contains mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the party concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B). To the extent that Defendant asserts that the document is subject to attorney-client privilege, Defendant must identify the nature of the communication, identify the parties to the communication including carbon copies, by name, title and employer, identify the attorney(s) on the communication, the purpose of the communication and whether or not it sought and/or conveyed legal advice.

Defendant is advised that the privilege log has been amended once already and the Court will allow Defendant no further opportunity to establish the privileges and protections that are the issue of this Motion. Boiler plate descriptions and allegations of protection or privilege will not suffice. *See generally Clark Constr. Group, Inc.*, 2005 WL 6187896 at *3 ("'[D]escribing a document as 'legal advice' or 'work product' is not the same as *establishing* that the documents are immune from discovery.'" Citations omitted.). The Second Amended Privilege Log must be specific enough to allow the Court and Plaintiffs to determine whether the document is subject to the asserted privilege or protection and/or whether it was prepared in anticipation of trial. The Court will then give Plaintiffs time to consider the supplemental privilege log and bring any motion allowed by law to challenge the privilege or protection and compel the production of specific documents on the log.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Compel Discovery (docket no.

56) is **GRANTED** in part and Defendant MeadWestvaco will produce on or before November 9, 2009, a Second Amended Privilege Log and an amended privilege log with respect to the "unaccounted for documents" in the manner and detail as set forth above. The remainder of Plaintiffs' Motion (docket no. 56) is **DENIED** without prejudice, including the request for attorneys fees. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

**IT IS FURTHER ORDERED** Plaintiffs will have an additional ten days from the date of service of Defendant's Second Amended Privilege Log and the amended privilege log for the unaccounted for documents to file a motion to compel and challenge the privilege and/or protection of specific entries on the log as necessary. Plaintiffs must still comply with E.D. Mich. Local Rule 7.1(a), 37.1 and 37.2 in filing any further motion on this matter.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 27, 2009         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 27, 2009         s/ Lisa C. Bartlett
                                Case Manager