**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YPSILANTI COMMUNITY
UTILITIES AUTHORITY,
and CHRISTMAN CO.,

        Plaintiffs,           CIVIL ACTION NO. 07-CV-15280

      vs.                        DISTRICT JUDGE PAUL D. BORMAN

MEADWESTVACO AIR        MAGISTRATE JUDGE MONA K. MAJZOUB
SYSTEMS LLC, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'**
**MOTION TO COMPEL DISCOVERY (DOCKET NO. 91)**

**1.    Facts and Procedural History**

This matter comes before the Court on Plaintiffs' Third Motion To Compel Discovery filed on November 18, 2009. (Docket no. 91). Defendant MeadWestavaco Corporation filed a Response In Opposition on December 4, 2009. (Docket no. 94). Plaintiffs filed a Reply on December 14, 2009. (Docket no. 95). The parties filed a Joint Statement Of Resolved And Unresolved Issues on December 29, 2009. (Docket no. 98). This motion has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 92). The Court heard oral argument on this matter on January 6, 2010. The motion is now ready for ruling.

This is Plaintiffs' Third Motion To Compel. Plaintiffs served Discovery Requests, including Requests to Produce on Defendant MeadWestvaco Corporation ("Defendant") on May 22, 2009. (Docket no. 56). The Court heard Plaintiffs' prior Motion To Compel in October 2009 and ordered Defendant to produce an amended privilege log. (Docket no. 85). Pursuant to the Court's Order,

-1-

Defendant timely produced a Second Amended Privilege Log on November 9, 2009. Correspondence ensued between the parties and Defendant produced another Amended Privilege Log on November 18, 2009[1]. Defendant claims that attorney-client privilege applies to all of the documents in the privilege log. Defendant does not raise attorney-work product issues. Plaintiffs argue that Defendant's Amended Privilege Log continues to inadequately describe the documents to which Defendant claims attorney-client privilege and moves the Court to compel production of all of the withheld documents listed in Defendant's Second Amended Privilege Log. (Docket no. 91). According to the parties' Joint Statement, the following issues remain unresolved: The adequacy of Defendant's Privilege Log, Defendant's attachments to emails and Defendant's request for in camera review[2].

**2.      Legal Analysis**

    **a.      Legal Standard**

Rule 26, Fed. R. Civ. P. 26(b)(5)(A) provides that

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

---

[1] At the hearing, Plaintiff pointed out that Defendant's November 18, 2009 privilege log was tardy by the Court's Order, but that Plaintiff was nonetheless willing to consider the November 18, 2009 log with its corrections. (Docket nos. 94-4, 94-6).

[2] Defendant has agreed to produce documents listed on the privilege log containing communications with third parties. The parties confirmed at the hearing that this issue is resolved. (Docket no. 98).

The burden of establishing privilege and non-waiver rests with the person asserting it. *See In re VisionAmerica, Inc. Sec. Litig.*, 2002 WL 31870559 (W.D. Tenn. Dec. 18, 2002) (slip copy at *2). As Plaintiffs pointed out in the prior motion, "'the privilege only applies if the lawyer is providing legal advice or services, and will not protect disclosure of non-legal communications where the attorney acts as a business or economic advisor.'" *See Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 669 (E.D. Mich. 1995) (citations omitted).

### b. Adequacy of MeadWestvaco's Privilege Log and Defendant's Suggestion for In Camera Review

Although Plaintiffs object to the sufficiency of Defendant's entire privilege log, Plaintiffs' objections to the current log are imprecise where Plaintiffs allege that the privilege log is "insufficient as to document description and otherwise." (Docket no. 91, emphasis added). Plaintiffs specifically identify only two privilege log entries to illustrate their argument that Defendant "continues to employ no more than boilerplate descriptions of the documents" and identifies inconsistent descriptions of those documents bates nos. 1433-1622 mentioned in the Kristen Milam affidavit, discussed more fully below. (Docket no. 91 at p. 11 of 19, 95-4).

Plaintiffs argue that Defendant engaged in a pattern of merely adding descriptors such as "Legal advice re" and "communications with counsel re" throughout the privilege log. Plaintiffs point out that the prior description of document bates no. MWV03739 read "MeadWestvaco options" and now reads "Communication with counsel re MWV Withdrawal Options." The prior description for bates no. MWV05748 read "MWV Asset Sale (loan/collateral)" and now reads "Legal Advice re MWV Asset/Sale (loan/collateral)." A review of the current log, however, shows that Defendant's Amended Privilege Logs (November 9 and 18) contain more detail in the descriptions of the documents than any of the prior logs. (Docket nos. 94-4, 94-6). Even the

examples cited by Plaintiffs are clarified at least in part by the minimal descriptive context added by Defendant.

Defendant argues that it has complied with the Court's Order and that it cannot give more detail about the documents "without giving the actual content of the document or too much information about what specific legal issues the attorney and the client were discussing." (Docket no. 94 at p. 10 of 14). Defendant suggests that the Court engage in an in camera review of hundreds of documents. The Court finds that the content of the privilege log is still insufficient to establish privilege[3]. In the Court's prior Order, the Court stated that it "would allow Defendant no further opportunity to establish the privileges and protection that are the issue of this Motion." (Docket no. 85).

Due to the continued inadequate state of the Amended Privilege Log and in light of Plaintiffs' imprecise objections to the log, the Court will allow Plaintiffs one further opportunity to specifically identify each privilege log entry that is inadequate. The Court will order the parties to meet to work out a resolution and set another hearing to bring the remaining unresolved privilege log entries before the Court. At the January 6, 2010 hearing the Court ordered on the record that if the Court engages in a review of the unresolved documents, the Court will assign significant costs for each document payable to the Court by the losing party to that review.

---

[3]The Court also notes that at the hearing, Defendant's counsel was unable to answer whether either of Defendant's in-house counsel held other positions within Defendant Company, for example, as officers, despite Plaintiffs' allegation that at least one of the attorneys is listed as an officer on Defendant's website. This issue is relevant to whether any of the allegedly privileged communications related to business advice, rather than legal advice.

### c.     Defendant's Attachments To Emails And Erroneous Affidavit

Plaintiffs also argued in their motion that Defendant had not identified any "attachments" on its privilege log, despite Plaintiffs being able to "connect documents previously redacted in [Defendant] MeadWestvaco's June/August productions with other documents in the Hiltzik file. From this it is now apparent that there are multiple emails that refer to attachment or subject 'links,' that have been withheld and to which the privilege log does not refer to (sic), or identify ..." (Docket no. 91).  Plaintiffs argue that Defendant has waived the right to withhold attachments to emails that are not identified on the revised privilege log.  (Docket no. 91).

Defendant argues that it has produced all attachments to all emails, whether the email was privileged or not, and is not claiming that any of the attachments are privileged.  In an attempt to resolve the issue, Defendant produced with its Response Brief and filed with the Court an affidavit of paralegal Kristen Milam, dated December 4, 2009, in which the affiant specifically identified each bates numbered document that was an attachment.  (Docket no. 94-8).  The Affiant stated:

> 4.    Of the entire universe of MeadWestvaco documents that were responsive to Plaintiffs' discovery requests (i.e. the emails at issue here and the attachments thereto) MeadWestvaco produced every single attachment to every single email in a non-redacted form regardless of whether the attendant email was produced or withheld from production and listed on MeadWestvaco's Privilege Log.  In other words, Plaintiffs have all of the attachments to all of the emails at issue.  All of these documents were Bates numbered and their numbering follows each set of corresponding emails to which the documents were attached.
>
> 5.    The Bates numbers for the documents attached to the emails are 15-247; 405-925; 1106-1432; 1433-1622; 1623-2226; 2335-2873; 2994-3156; 3190-3286; 3341-3729; 3768-4201; 4307-4721; 4915-5694; 5763-6279; 6318-6563; 6582-6673; 6716-7075."

Further affiant sayeth not. (Docket no. 94-8, 95-3).

Plaintiffs in their Reply Brief show that the documents bates nos. 1433-1622 identified as "attachments" in the affidavit were identified as "email" on Defendant's privilege log.  (Docket no.

95-4). Defendant argues in the Joint Statement that upon reviewing Plaintiffs' Reply, Defendant now determines that the affidavit "erroneously listed Bates Nos. 1433-1622 as attachments, when, in fact, the documents were emails, some of which were produced and some of which were withheld because they are privileged; the privileged ones are listed on the Privilege Log." (Docket no. 98). Defendant argues that this issue should be resolved because all of the attachments had been produced and specifically identified. The Court confirmed with the parties that Plaintiffs identified the inconsistency between the affidavit and the privilege log. Defendant's counsel confirmed that after notifying Plaintiffs that documents bates nos. 1433-1622 were listed in error, Defendant took no further steps to produce a corrected affidavit. (Docket no. 94-8). The Court finds that in light of the inconsistencies with which the documents bates nos. 1433-1622 have been identified, Defendant has failed to establish privilege with respect to these documents. Fed. R. Civ. P. 26(b)(5)(A)(ii).

Defendant has already produced multiple amended privilege logs, was ordered by this Court to further supplement the privilege log, caused much confusion regarding the "unaccounted for documents" which were an issue of the last hearing and motion[4], and was notified in the Court's

---

[4] One of the issues raised in Plaintiffs' prior motion to compel was Defendant's allegedly inadvertent production of documents which the parties referred to as the "Unaccounted for Documents." The Court's findings in the prior order with respect to the unaccounted for documents follow:

"This is a situation of Defendant's creation. The Court finds that Defendant's production of these documents twice is inconsistent with an assertion that the documents are "irrelevant," "non-responsive" and "attorney work-product" privileged. (Docket no. 62 at 2 of 19). Defendant's counsel twice made the decision to produce these documents, albeit in redacted form, in response to Plaintiffs' discovery requests, thus raising questions as to the responsiveness and relevance of the documents. The Court also notes that despite Defendant's allegation that the documents were created in the course of responding to Plaintiffs' discovery, at least one of the documents attached to Plaintiffs' Motion is dated August 2, 2004, pre-dating the December 2007 filing of this action. (Docket no. 56-5, bates

prior Order that it would not be given another opportunity to establish privilege. (Docket no. 85). Despite all of this, Defendant produced a privilege log on November 9, 2009 which contained misidentification of an employee as an attorney, failed to identify two other employees, and continued to include documents which were shared with third-parties (counsel for Lackner). (Docket no. 94-4). Following correspondence from Plaintiff, Defendant reportedly corrected these issues in a November 18, 2009 Amended Privilege Log. With a final flourish and in an attempt to resolve issues related to the privilege log, Defendant's counsel produced with its Response Brief the affidavit of its paralegal, swearing that Defendant had produced all attachments yet incorrectly listing bates numbers of the attachments. Some of the listed attachments are not, apparently, attachments, but are privileged email correspondence.

All of these mistakes and inconsistencies appear to have been identified by Plaintiffs, not Defendant. These inconsistencies in Defendant's production and the privilege log are careless at best and misleading at worst. The listing of email bates numbers of allegedly privileged documents rather than attachment bates numbers in Defendant's affidavit is more than a mere scrivener's error. The affidavit was produced at a time late in discovery when the issues related to the allegedly privileged documents had been narrowed, and the affidavit was produced with the intent that Plaintiffs should rely on it to conclude that the issue of the email attachments had been resolved. Plaintiffs undertook an analysis of the documents listed in the affidavit and concluded that documents listed as "attachments" which had been produced in full, had already been identified on

---

no. MWV03731). (Docket no. 56-5 at 14). Defendant offers the Court an in camera inspection of the Unaccounted for Documents to confirm the matter. At this point, the Court declines to undertake Defendant's own necessary review of the documents." (Docket no. 85).

the privilege log as "emails."  Once again, Defendant's statements leave the Court and Plaintiffs wondering what was produced and what is privileged.

The Court finds that Defendant, after several attempts at the privilege log, has failed to establish privilege as to the documents listed on the Milam affidavit, which were sworn to be non-privileged attachments and sworn to have been produced in non-redacted form to Plaintiff.  The Court will order Defendant to produce in full and without redaction those documents from bates nos. 1433-1622, listed on the Milam Affidavit, and which have not already been produced in full to Plaintiffs.  The Court will at this time deny without prejudice both parties' requests for attorneys fees and costs.

**IT IS THEREFORE ORDERED** that Plaintiffs' Third Motion To Compel Discovery (docket no. 91) is **GRANTED** in part and Defendant MeadWestvaco will produce in full and without redaction, on or before January 26, 2010, the documents which were listed in the Milam Affidavit dated December 4, 2009.

**IT IS FURTHER ORDERED** that, as ordered on the record at the hearing, Plaintiffs will identify specific inadequacies in the Amended Privilege Log and forward a complete list of the same to Defendant on or before January 8, 2010 and the parties will meet on of before January 22, 2010 to work out resolution of the same.

**IT IS FURTHER ORDERED** that the parties will appear for hearing on January 27, 2010 at 2:30 p.m. prepared to address the unresolved documents appearing on the Defendant's privilege log as set forth herein.

**IT IS FURTHER ORDERED** that the remainder of Plaintiffs' Motion (docket no. 91) is **DENIED** without prejudice, including the request for attorneys fees. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 15, 2010                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: January 15, 2010                    s/ Lisa C. Bartlett
                                           Case Manager