**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE YPSILANTI COMMUNITY
UTILITIES AUTHORITY and
THE CHRISTMAN COMPANY,

    Plaintiffs,        CASE NO. 07-CV-15280

-vs-

                PAUL D. BORMAN
MEADWESTVACO AIR        UNITED STATES DISTRICT JUDGE
SYSTEMS, LLC, MEADWESTVACO
CORPORATION and BIOCLIMATIC
AIR SYSTEMS, LLC,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' JOINT MOTION FOR A JURY TRIAL PURSUANT TO FED. R. CIV. P. 39(b) (DKT. NO. 105)

    This matter is before the Court on Defendants Bioclimatic Air Systems, LLC ("Bioclimatic") and Meadwestvaco Corporation's ("MWV") Joint Motion for a Jury Trial, Pursuant to Federal Rule of Civil Procedure 39(b). (Dkt. No. 105.) Plaintiffs filed a Response (Dkt. No. 106), and Defendants filed a Reply (Dkt. No. 108.) The matter has been fully briefed and, pursuant to E.D. Mich. L.R. 7.1(f)(2), the Court concludes a hearing is unnecessary. For the reasons that follow, the Court DENIES Defendants' motion.

**I.  BACKGROUND**

    This case has a long history, the details of which are important to the Court's consideration of Defendants' untimely demand for a jury trial. Plaintiffs filed their original Complaint in state court on September 14, 2007 against Bioclimatic only. (Dkt. No. 1, Notice of Removal, Ex. 3.) Plaintiff did not demand a jury trial. On November 8, 2007, Bioclimatic filed an Answer and

1

Affirmative Defenses, and did not demand a jury trial. (Dkt. No. 2, Ex. 6.) On November 13, 2007, Plaintiffs filed an Amended Complaint in state court, adding MWV as a Defendant. (Dkt. No. 1, Ex. 2.) Plaintiffs did not demand a jury trial in their Amended Complaint. On December 11, 2007, MWV removed the case to this Court and Bioclimatic joined in the removal. (Dkt. No. 1.) Plaintiffs filed a motion to remand on January 10, 2008 (Dkt. No. 2), which this Court denied on June 9, 2008 (Dkt. No. 21). On January 11, 2008, MWV filed a motion to dismiss (Dkt. No. 4), which this Court denied on June 30, 2008 (Dkt. No. 24). On June 30, 2008, MWV filed an Answer and Affirmative Defenses to Plaintiffs' Complaint and did not demand a jury trial. (Dkt. No. 25.)

On June 29, 2009, this Court granted Plaintiffs' motion to file a Third Amended Complaint based upon Plaintiffs' discovery of new evidence of fraudulent inducement. (Dkt. No. 54.) Both Bioclimatic and MWV filed Answers and Affirmative defenses to Plaintiffs' Third Amended Complaint, and Bioclimatic filed a Counterclaim. (Dkt. Nos. 58, 61.) Neither Defendant demanded a jury trial.

On September 30, 2009, both Bioclimatic and MWV filed motions for summary judgment (Dkt. Nos. 66, 67) which this Court denied on December 23, 2009, permitting Plaintiffs to proceed to trial on all counts of the Third Amended Complaint. (Dkt. No. 96). On February 16, 2010, Defendants filed the instant motion, pursuant to Fed. R. Civ. P. 39(b), requesting that this case now be tried to a jury. Because this case is to be tried to the bench, on February 18, 2010, United States District Judge Avern Cohn presided over a facilitation/settlement conference.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 38(b) provides that "[o]n any issue triable of right to a jury, a party may demand a jury trial by . . . serving the other parties with a written demand - which may

2

be included in a pleading - no later than 14 days after the last pleading directed to the issue is served." While the right to a civil trial by jury is guaranteed by the Seventh Amendment to the Constitution, the right can be waived. *Sewell v. Jefferson County Fiscal Court*, 863 F.2d 461, 464 (6th Cir. 1988) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 101 (1971)).

A party who has failed to file a timely demand under Fed. R. Civ. P. 38(b), as Defendants have here, may ask the court to exercise its discretion under Fed. R. Civ. P. 39(b) to grant a late demand. Generally, the district court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary. *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987). However, "[a] district court has broad discretion in ruling on a Rule 39(b) motion. As a general rule, a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification is mere inadvertence." *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) (internal citations omitted). In deciding on a rule 39(b) motion, the Court may consider factors such as (1) whether the issues are best tried to a jury; (2) whether granting the motion would disrupt the court's or an adverse party's schedule; (3) the degree of prejudice to the party opposing the motion; (4) the length of delay in requesting a jury; and (5) the reasons for the tardiness in making the request. In exercising its broad discretion, the Court need not necessarily give importance to all of these factors. *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990). *See also Bedwell v. U.S. Bank Nat'l Ass'n*, No. 1:09-cv-254, 2009 WL 3823294 at * 1 (W.D. Mich. Nov. 13, 2009) (unpublished).

### III. ANALYSIS

Defendants had numerous opportunities to revisit their election not to demand a jury trial in this matter, having had the opportunity to request a jury trial three times in filing answers to Plaintiffs' complaints and an additional opportunity for Defendant Bioclimatic in filing its counterclaim. Not until this Court denied their motions for summary judgment, ruling that Plaintiffs have established numerous genuine issues of material fact on their claims, did Defendants decide that they would prefer to present their claims to a different finder of fact. In the two years plus that this case has been pending, Defendants have never requested a jury trial, and have twice gone before Judge Cohn for facilitation discussions, specifically because this Court could not facilitate given the fact that this case has always been scheduled for a bench trial. Plaintiffs state that in the first facilitation before Judge Cohn, in September 2009, the parties specifically discussed that this case was to be tried to the bench, "with defendants then taking the position that they would soon better their position in this case through motions for summary judgment." (Pls.'s Resp. Ex. 1, Affidavit of Thomas E. Daniels, ¶3.) Defendants do not contest in their Reply Plaintiffs' characterization of this facilitation before Judge Cohn.

Defendants devote both their brief in support of their motion and their reply to a discussion of whether the issues presented in this case are questions of law or fact or a mixture of both and whether these issues are more appropriately tried before a jury. This is but one factor for the Court to consider in ruling on a 39(b) motion and, in this case, the Court finds that this factor is significantly overshadowed by the tardiness and lack of justification for the motion, and the demonstrated prejudice to the Plaintiffs.

The Defendants completely fail to inform the Court why this motion was filed just two days before the final pre-trial conference. At no point in their motion or their reply do Defendants even

attempt to offer any justification for their significantly untimely demand, inadvertence or otherwise. Thus, the Court is left to conclude that tactics and strategy are likely the motivating factors for Defendants' late decision to change course. Defendants do not refer the Court to any authority recognizing such strategic misgivings as a basis for granting an untimely demand for a jury trial. *See Brian J. Altman & Assoc., P.C. v. Foot and Ankle Health Centers, P.C.*, No. 08-10810, 2009 WL 440935 at * 2 (E.D. Mich. Feb. 23, 2009) (unpublished) (holding that second-guessing a deliberate decision to seek a bench trial in light of perceived unfavorable rulings from the bench does not constitute the type of "mistake" contemplated by Fed. R. Civ. P. 39(b)).

Plaintiffs also argue, and Defendants disagree, that the claims at issue are more appropriate for a bench trial and that the fact that all claims do not apply to both Defendants will make jury instruction preparation difficult. Plaintiffs also note that the trial, now set for October, 2010, will, if before a jury, take a significantly greater amount of counsel's and the Court's time than the scheduled bench trial. Defendants also object because of the increased cost which a jury trial would necessarily entail. (Pls.'s Resp. Ex. 1, Daniels Aff. ¶ 8.)

The Court finds that Plaintiffs, who have already been deprived of their original choice of forum by Defendants' removal of this case in the first instance, have presented evidence of prejudice to their interests which would result from this Court's grant of Defendants' untimely request for a jury trial. Defendants file this motion more than two years since this case was initiated and more than a year after the first responsive pleading was filed. As stated in the Affidavit of their counsel, Plaintiffs have made several strategic decisions in the course of preparing this case for trial based upon the belief that this case would be tried to the bench. Plaintiffs state that in anticipation of a bench trial, they conducted abbreviated depositions of some of the critical witnesses and opted not

5

to depose certain individuals and to depose others only by video tele-conference. (Pls.'s Resp. Ex. 1, Daniels Aff. ¶¶ 5-7.) Defendants' reliance on *Moody, supra* for the proposition that Plaintiffs' allegedly self-serving claims of prejudice are legally insufficient is misplaced. The court in *Moody* was affirming the trial court's decision to grant a jury trial under 39(b), a very different matter, as the court in both *Moody* and *Kitchen* noted, from affirming a denial of 39(b) motion. *Kitchen, supra* at 1013; *Moody*, *supra* at 207. Moreover, there is no indication that Moody was filing its motion as a strategic move in reaction to previous unfavorable rulings by the court. In fact, the court specifically found that Moody had made an uninformed and unintentional waiver. 915 F.2d at 203. In the instant case, that finding is not available, given all of the water that has flowed under the bridge in the last two years. The court in *Moody* reaffirmed the broad grant of discretion given a district court's ruling on a 39(b) motion.

Evaluating all of the relevant factors, the Court concludes that Defendants' last minute change in strategy, for which Defendants offer no excuse whatsoever, cannot "justif[y] substantially changing the course of litigation that has been proceeding toward a bench trial resolution for [over two years]." *Altman, supra* at * 3.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' Joint Motion for Jury Trial (Dkt. No. 105.)

IT IS SO ORDERED.

                                                    S/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: April 22, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 22, 2010.

                                                    S/Denise Goodine
                                                    Case Manager